**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 22, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

JEMAINE MONTEIL CANNON,

Plaintiff-Appellant,

v.

CHESTER MASON, OSP Health
Services Administrator; DR.
RAYMOND STEWART, OSP
Physician; DR. MILLER, OSP
Provider for Ophthalmology Services;
C. KAMPAS, OSP Registered Nurse;
SGT. WRIGHT; LINDA
MONTGOMERY, LPN – Licensed
Practical Nurse; JANE DOE, Nurse;
Nurse Folsom, LPN,

Defendants-Appellees.

Nos. 09-7020, 09-7021, 09-7022,
09-7023, 09-7025, & 09-7062

(D.C. Nos. 08–CV–00193–RAW–SPS,
08–CV–00191–RAW–SPS,
08–CV–00192–RAW–SPS,
08–CV–00188–RAW–SPS,
08–CV–00130–RAW–SPS,
08–CV–00148–RAW–SPS)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.
_____

After examining the briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

_____

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

The cases are therefore ordered submitted without oral argument.

In these consolidated appeals, a *pro se* state prisoner appeals the dismissal of six complaints brought under 42 U.S.C. § 1983 against various correctional employees and officials. Each case was fully considered by the same district court judge, and on appeal we consolidated briefing for five of the six cases. We have further consolidated all six cases for decision and address them in this single order and judgment.

In case 09-7020, Plaintiff sued prison officials for violation of his Eighth Amendment rights following the alleged seizure of two ultra-violet protective eye shields and a DHD acapella Plaintiff was using in conjunction with medical conditions. The court dismissed this complaint based on its determination Plaintiff had failed to fully exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Cases 09-7021 and 09-7023 arose from two separate incidences where a prison nurse declined to provide Plaintiff with allegedly vital medication following his refusal to sign for its receipt. Plaintiff claimed these actions constituted cruel and unusual punishment. In both cases the district court first concluded Plaintiff had failed to exhaust his administrative remedies and then dismissed the complaint as frivolous under 28 U.S.C. § 1915(e). In case 09-7022, Plaintiff alleged an Eighth Amendment violation occurred when prison authorities failed to provide him with access to his medical records. Again the district court first held that Plaintiff had failed to exhaust his administrative remedies and then dismissed the

case as frivolous. Plaintiff's claims in case 09-7025 are similarly based on the Eighth Amendment and stem from allegations that prison officials failed to provide access to a working toilet and to comply with the requirements of Plaintiff's dietary needs. The district court dismissed the suit for failure to exhaust administrative remedies. Finally in case 09-7062 Plaintiff again claimed a violation of the Eighth Amendment, this time arising from an alleged failure to provide him with water-impermeable tape and adequate continuing medical care following an operation. The district court held Plaintiff had failed to state a constitutional claim and then dismissed the case as frivolous.

Plaintiff asks that we reverse the district court's decisions and remand the cases for further consideration. We review *de novo* a district court's dismissal for failure to exhaust administrative remedies under § 1997e. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). We review a district court's dismissal of an *in forma pauperis* complaint as frivolous for an abuse of discretion. *Green v. Seymour*, 59 F.3d 1073, 1077 (10th Cir. 1995).

After careful review of the district court's decisions, the briefs, and the record on appeal, we agree with the district court that Plaintiff failed to exhaust his administrative remedies by properly complying with the prison's procedural rules. *See Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006). Additionally, we hold the district court did not abuse its discretion in dismissing cases 09-7021, 09-7023, 09-7022, and 09-7062 as frivolous. Under § 1915(e), a court may not dismiss a

-3-

complaint as frivolous "simply because the court finds the plaintiff's allegations unlikely." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). However, in view of the complete lack of support for Plaintiff's positions in our case law, as well as the dismissal of at least one of Plaintiff's prior civil rights cases for failure to exhaust prior to filing the cases at issue, the district court properly concluded that Plaintiff's "claim[s were] based on . . . indisputably meritless legal theor[ies]." *Schlicher v. Thomas*, 111 F.3d 777, 779 (10th Cir. 1997) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).  Accordingly, for substantially the same reasons set forth in the district court's orders, we **AFFIRM** the dismissal of cases 09-7020 and 09-7025.  Further, in accord with § 1915(e)(2)(B)(i), we **DISMISS** Plaintiff's appeal of cases 09-7021, 09-7023, 09-7022, and 09-7062 as frivolous.

> We remind Appellant that under the three-strikes rule, a prisoner may not
>
> bring a civil action or appeal a judgment in a civil action or proceeding under this section [without full advance payment of the filing fee] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  With our decision today, Plaintiff now has eight strikes against him and will thus be denied *in forma pauperis* status in future federal prisoner filings, other than habeas petitions, unless he is "under imminent danger of serious physical injury," consistent with § 1915(g).  *See Jennings v. Natrona*

*County Det. Ctr.*, 175 F.3d 775, 780–81 (10th Cir. 1999).

Finally, Plaintiff has appealed an early decision by the clerk's panel denying his motion to pay a single filing fee for the five earlier consolidated appeals. We **AFFIRM** that order. We note the district court granted Plaintiff IFP status for each of these six appeals. We remind Plaintiff that he remains responsible to make partial payments for each of the underlying cases until all fee obligations are satisfied—there are no exceptions for dismissed appeals. *See Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001).

Entered for the Court


Monroe G. McKay
Circuit Judge